UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

CASE NO. 25-MJ-30113

v.

TIMOTHY RAY CHITWOOD,

Defendant.

---

**Stipulation and Proposed Order to Adjourn Preliminary Hearing and to Exclude Time to Indict under the Speedy Trial Act**

---

1.      On March 14, 2025, the defendant appeared for an initial appearance on a complaint charging him with various child exploitation offenses. The defendant consented to detention on March 20, 2025. The parties now seek an adjournment of one day, from April 21, 2025, to April 22, 2025.

2.      The parties stipulate that the amount of time between April 21, 2025, and April 22, 2025, should be excludable from the time in which the government must file an indictment under the Speedy Trial Act, because it will allow defense counsel to avoid a scheduling conflict and because the ends of justice served by the adjournment outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7).

3.      Moreover, defendant consents to the adjournment, waives the 14-day time period in which to hold the preliminary hearing under Federal Rules of Criminal Procedure 5.1(c), agrees that there is good cause to adjourn the preliminary hearing and the time in which to indict, and consents to extending the time pursuant to Federal Rule of Criminal Procedure 5.1(d).

4.      The parties therefore request that the Court find that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.  The parties now stipulate to an adjournment of the preliminary hearing until April 22, 2025, at 1:00 PM.

**IT IS SO STIPULATED.**

s/Micah S. Wallace
Micah Wallace
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9591
micah.wallace@usdoj.gov

s/Paul J. Stablein
Paul J. Stablein
Attorney for Defendant Chitwood
33 Bloomfield Hills Parkway
Suite 242
Birmingham, MI 48304
(248) 540-1600
Paulstablein@stableinlaw.com

Date: April 17, 2025.

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

CASE NO. 25-MJ-30113

v.

TIMOTHY RAY CHITWOOD,

      Defendant.

---

**Order For Detention and to Adjourn the Preliminary Hearing
and to Exclude Time Under the Speedy Trial Act**

---

The Court has considered the parties' stipulation to adjourn the preliminary hearing until April 22, 2025, and to exclude the amount of time between April 21, 2025, to April 22, 2025, from the time that the government must return an indictment.

The Court agrees that the amount of time between April 21, 2025 to April 22, 2025, should be excludable from the time in which the government must file an indictment under the Speedy Trial Act, because it will allow defense counsel to avoid a scheduling conflict, and because the ends of justice served by the adjournment outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7).

Moreover, defendant has consented to this adjournment and agreed that there is good cause for the adjournment, and the adjournment sought is fairly limited. *See* Fed. R. Crim. P. 5.1(d) ("With the defendant's consent and upon a showing of good cause – taking into account the public interest in the prompt disposition of criminal cases – a magistrate judge may extend the time limits in Rule 5.1(c) one or more times.").

Therefore, after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendant in a speedy trial and that the time from April 21, 2025, through April 22, 2025, qualifies as excludable delay under 18 U.S.C. § 3161(h)(7).

**IT IS THEREFORE ORDERED** that the Preliminary Hearing will be adjourned until April 22, 2025, at 1:00 PM; and,

**IT IS FURTHER ORDERED** that the time from April 21, 2025, through April 22, 2025, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

**IT IS FURTHER ORDERED** that the defendant will continue to be detained by consent during the pendency of this case, with the defendant able to raise the issue of detention at a further date.

**IT IS SO ORDERED**.

s/David R. Grand
Honorable David R. Grand
United States Magistrate Judge

Entered:
4/18/25

3